UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BESSIE J. HALL                                             CIVIL ACTION

VERSUS                                                     NO: 14-0801

DENISE EVANS, ET AL.                                       SECTION: "A" (3)

## ORDER

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 8)** filed by defendants Denise Evans and the Louisiana Department of Children and Family Services. Plaintiff Bessie Hall, *pro se*, opposes the motion. The motion is before the Court on the briefs without oral argument.

**I.     BACKGROUND**

Plaintiff Bessie Hall filed this action *pro se* alleging that the defendants terminated her employment unjustly, discriminated against her on the basis of race and disability, did not properly account for her leave under the Family Medical Leave Act (FMLA), and did not otherwise properly account or compensate her for leave, back-pay, pay raises, or worker's compensation. Plaintiff asserts claims under federal law seeking to recover any damages available, break-downs of her leave accrual, reinstatement to her position and the opportunity to apply for disability retirement, and readjusted payments, based on expected raises, back-pay, and worker's compensation.[1]

The following factual allegations, accepted as true, are taken from Plaintiff's Complaint. Plaintiff held a position as Social Services Analyst Supervisor with the Louisiana Department of Children and Family Services ("the Department"). (Rec. Doc. 1; Comp. at 1

---

[1] Plaintiff clarifies however in her Opposition to the Motion to Dismiss that the present case "is not about civil service or worker's compensation." (Rec. Doc. 9; Pls. Opp. at 1, ¶3). Thus, the Court does not address those claims.

¶3). On July 13, 2012, Plaintiff sustained an injury while working that did not allow her to return to work. *Id.* at 4. Plaintiff received a non-disciplinary notice of proposed removal on August, 30, 2013, signed by Denise Evans, the proper authority for such matters. *Id.* Plaintiff responded to this notice, but the Department subsequently notified her of its decision to remove her effective September 25, 2013. *Id.* Plaintiff was similarly unsuccessful on appeal and abandoned the related hearing upon being told that its scope was limited to the technical application of the rule resulting in her removal–an issue Plaintiff does not dispute. *Id.* Instead, Plaintiff lists several issues in both her response to the proposed notice of removal and her written appeal of the decision to remove her that form the basis of her Complaint in this case.

Two lines of argument appear in Plaintiff's pleadings: First, Plaintiff argues that the Department failed to follow its own policies in finalizing her removal and that other individuals who are similarly situated have been treated more favorably. She points to the Department's notification that her removal was due to the exhaustion of FMLA leave, lack of eligibility for new FMLA entitlement, continued disability that rendered her unable to perform her duties, and the retention of fewer than eight hours of sick leave; Plaintiff compares this to the cases of allegedly similarly-situated individuals who did not receive notices of proposed removal. *Id.* at 3, 11. She also claims that she was not properly given leave under the FMLA (which triggered the rule for her dismissal), alleges instances during her employment in which she was told to treat white employees differently, and cites the removal as extinguishing her opportunity to apply for disability retirement. Finally, Plaintiff reports that the Department did not give her the opportunity to raise these issues in her appeal hearing. *Id.* at 4. Second, Plaintiff contends that several individuals, including Denise Evans, wanted to allow a separate, Caucasian supervisor to acquire the position which

Plaintiff held. The implication appears to be that Denise Evans acted in her capacity as Administrator to bring about that end, including through the use of means not applied to others similarly situated.

Plaintiff filed the instant complaint *pro se* and *in forma pauperis* on April 9, 2014. No trial date is set at this time. Via the instant motions the defendants seek to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(1) Rule 12(b)(6). Their specific arguments are discussed below.

## II.     IDENTIFICATION OF CLAIMS

In determining the claims at issue, the Court is guided by the principle that *pro se* pleadings must be given the benefit of liberal construction. *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991). At various points in the pleadings, Plaintiff specifically mentions claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., the American with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. Plaintiff also alleges facts that implicate, or appear to implicate, claims for violation of her due process and equal protection rights via 28 U.S.C. § 1983 as well as claims of conspiracy to violate her civil rights via 28 U.S.C. § 1985.

## III.    STANDARD of REVIEW

### A. Rule 12(b)(1) Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides the vehicle by which a party can challenge a court's subject matter jurisdiction to hear a particular issue. This includes challenges asserting the doctrine of sovereign immunity to bar a claim. *See* 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure,* § 1350 (2014); *Henley v. Simpson*, 527 F. App'x. 303, 305 (5th Cir. 2013).

### B. Rule 12(b)(6) Standard

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### IV.  DISCUSSION

Defendants invoke state sovereign immunity as a bar to the Court's jurisdiction of those claims falling under the Americans with Disabilities Act and the Family Medical Leave Act. The Louisiana Department of Children and Family Services, as a branch of the state

government, and Denise Evans in her official capacity, are entitled to state sovereign immunity where applicable. *See Oliver v. Univ. of Tex. Sys.*, 988 F.2d 1209 (5th Cir. 1993) (unpublished) (citing *United Carolina Bank v. Bd. of Regents of Stephen F. Austin Univ.*, 665 F.2d 553 (5th Cir. 1982); *Clay v. Tex. Women's Univ.*, 728 F.2d 714 (5th Cir. 1984)).[2]

To the extent that Plaintiff presents a claim under the Americans with Disabilities Act, the Court agrees that such a claim falls under Title I of that statute, which addresses discrimination in the context of employment. 42 U.S.C. § 12112. The Supreme Court has made clear that Congress has not abrogated state sovereign immunity as to Title I of the ADA, and thus those claims are barred. *See Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001). Additionally, Plaintiff presents a claim regarding her leave under the Family Medical Leave Act "self-care" provision. 29 U.S.C. § 2612(a)(1)(D) (noting the applicable condition as "a serious health condition that makes the employee unable to perform the functions of the position of such employee"). Plaintiff's claims directly evidence her need for leave stemming from her own injury, not that of a third party that would fall under a different provision. The Supreme Court has also made clear that state sovereign immunity acts to bar claims made under the "self-care" provision. *See Coleman v. Ct. of App.*, 132 S.Ct. 1327, 1332 (2012). The Court lacks jurisdiction to hear these claims.

The *Ex Parte Young* doctrine works to preserve one exception in the above analysis. Plaintiff makes a demand for reinstatement in her position, arguing in part that incorrect application of her FMLA leave triggered her removal. (Rec. Doc. 1; Comp. at 6). The law in this Circuit regards the remedy of reinstatement as one of prospective, injunctive relief.

---

[2] An official capacity suit is generally only another way of pleading a claim against the entity of which the officer-defendant is an agent. *Kentucy v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55)). Thus, the claims against the individual State Defendants in their official capacities will be subject to the same defenses and immunities as the State entities being sued. *See id.* at 166-67.

*Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citing *Warner v. Pecos Cnty.*, 88 F.3d 341 (5th Cir. 1996)). When sought against a state actor in her official capacity, *Ex Parte Young* properly applies. *Nelson*, 535 F.3d at 323-24 (holding that *Ex Parte Young* applies to a claim for reinstatement under the "self-care" provision of the FMLA). Thus, the Motion to Dismiss is DENIED as to the claim for reinstatement under the Family Medical Leave Act against Denise Evans in her official capacity but is GRANTED as to all other claims made under Title I of the ADA and the "self-care" provision of the FMLA.

Turning to the claims which the Court has identified under its "liberal construction" of the pleadings, the Court also notes that it lacks subject matter jurisdiction as to those claims brought via § 1983 and § 1985 against a state defendant. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989) (finding that state sovereign immunity applies to claims also made via § 1983); *see, Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (same as to claims under § 1985); *see, e.g., Early v. So. Univ. & Agr. & Mech. College Bd. of Sup'rs*, 252 F. App'x. 698, 700 (5th Cir. 2007) (unpublished); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, the Court also looks to well-settled law that the state, branches of the state, and those sued in their official capacity do not qualify as "persons" for purposes of § 1983.[3] *See Adams v. Recov. Sch. Dist.*, 463 Fed. Appx. 297, 298 n.5 (5th Cir. 2012)

---

[3] Section 1983, entitled Civil Action for Deprivation of Rights, states:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983 (2012) (emphasis added).

(unpublished) (citing *Will*, 491 U.S. at 64); *Menard v. Bd. of Trustees of Loyola Univ. of New Orleans*, No. Civ.A. 03-2199, 2004 WL 856641, at *5 (E.D. La. April 19, 2004) (citing cases from several circuits for support that branches of the state are not "persons" for purposes of § 1985). Thus, the Motion to Dismiss is GRANTED as to these claims against the Department and Denise Evans in her official capacity. However, the Court retains jurisdiction as to these same claims brought against Denise Evans in her individual capacity.

Moving beyond the matters that constitute a jurisdictional bar, the Court takes note of Defendants' argument that Plaintiff has failed to exhaust her administrative remedies regarding her race discrimination claim under Title VII. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (noting that exhaustion is not a jurisdictional requirement) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)). Specifically, while Defendants do not contest the timeliness of Plaintiff's action nor the sufficiency of her charge (which contained allegations under both Title VII and the Americans with Disabilities Act), Defendants note that the resulting notice of a right to sue letter failed to mention the Title VII charge. (Rec. Doc. 12; Reply to Opp. at 2); *Taylor*, 296 F.3d at 379 (explaining that "receiv[ing] a statutory notice of right to sue . . . 'is a precondition to filing suit in district court'") (quoting *Dao*, 96 F.3d at 789)).

The Court however remains cognizant that the requirements of exhaustion, as they are not jurisdictional demands, yield to the demands of equity and other exceptions, including equitable modification and equitable tolling. *See Pinkard v. Pullman-Standard, a Div. of Pullman Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. 1982) (equitable modification); *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) (recognizing the application of equitable doctrines). The Court also recognizes that a primary aim of the

notice requirement in particular is "to provide a formal notification to the claimant that his administrative remedies with the Commission have been exhausted." *Beverly v. Lone Star Lead Const. Corp.*, 437 F.2d 1136, 1140 (5th Cir. 1971). Finally, the Court observes that several cases in this Circuit have refused to penalize a plaintiff for errors on the part of the EEOC. *See Stapper v. Texas Dept. of Human Resources*, 470 F. Supp. 242, 245 (W.D. TX. 1979) (citing several cases which stand for the proposition that failure of the EEOC to properly issue a right to sue letter will not be held against the plaintiff).

The EEOC charge at issue, clearly stating both Title VII and the Americans with Disabilities Act as the bases of the allegations, carried the identification number of 461201302287. (Rec. Doc. 3, Comp. at 17). Pursuant to C.F.R. § 1601.28(a)(2),(d),(e), the EEOC issued a right to sue notice that directly referenced and responded to "the above charge," no. 461201302287, but only listed in the body of the notice Title I of the Americans with Disabilities Act. (Rec. Doc. 9, Pl. Opp at 3).[4] Read in context though, the EEOC's issuance of the notice of right to sue and its admission that it would not be able to complete administrative processing clearly relates to charge #461201302287 as a whole. As such, the notice fulfilled its function as notification to the claimant that administrative remedies have been exhausted. A clerical error on part of the EEOC will not be held to bar the Title VII discrimination claim. *Cf. Lambert v. Sperry Rand Corp.*, No. 19,631, 1974 WL 296, at *2 (W.D. LA. Nov. 8, 1974) ("The failure of the EEOC in this matter . . . was a technical failure to comply with a statutory requirement and will not be held to deprive this plaintiff of a right of action."). Thus, Defendants' motion to dismiss the Title VII claim for failure to exhaust

---

[4]Although the Court recognizes that the scope of its review is limited to the pleadings, it makes reference here to the EEOC notice of right to sue as the EEOC communications are incorporated by reference in the Complaint (Comp. at 4), are integral to the Complaint, and are known to the Plaintiff. *Cf. Everson v. New York City Transit Auth.*, 216 F. Supp. 2d 71, 77 (E.D. NY. 2002) (citations omitted).

administrative remedies is DENIED.

Turning to that part of the motion which addresses a failure to state a claim, the Court recognizes that at this point the Plaintiff only provides a bare outline of facts to state a case against Denise Evans in her individual capacity. Plaintiff alleges that Denise Evans is the proper authority to make removal decisions, that others similarly situated were treated differently, and that this result arose from a plan crafted in part by Denise Evans. (Rec. Doc. 1; Comp. at 3-5). However, due to Plaintiff's *pro se* status, rather than dismissing those claims at this early juncture, the Court will give Plaintiff the opportunity to amend her complaint to specify and support her claims made against Denise Evans in her individual capacity. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."). As a counterbalance though, the Court is aware of Defendants' concern that Plaintiff's "pleading severely prejudices Ms. Evans' ability to efficiently defend her rights and interest." (Rec. Doc. 8-2, Defs. Mem. in Support of Motion to Dismiss, at 6). Due to this, counsel was able to provide only an initial broad response to possible, unnamed claims against Evans in her individual capacity. Thus, the Motion to Dismiss is DENIED WITHOUT PREJUDICE as to the claims coming under § 1983 and § 1985 against Denise Evans in her individual capacity.

## IV. CONCLUSION

In summary, the following are the claims that remain before the Court at this time: the claim for race discrimination under Title VII, a claim against Denise Evans in her official capacity seeking reinstatement of employment under the Family Medical Leave Act, and claims against Denise Evans in her individual capacity for violation of Plaintiff's due process and equal protection rights brought via § 1983, and for conspiracy to violate Plaintiff's equal

protection rights under § 1985.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by Defendants is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to those claims under Title I of the Americans with Disabilities Act and the FMLA, which are **DISMISSED WITH PREJUDICE**, except that it is **DENIED** as to the claim for reinstatement against Denise Evans in her official capacity under the FMLA. It is **DENIED** as to the claim for race discrimination under Title VII. Finally, it is **DENIED WITHOUT PREJUDICE** as to the claims against Denise Evans in her individual capacity for violation of Plaintiff's equal protection and due process rights via § 1983 and for conspiracy to violate Plaintiff's equal protection rights via § 1985 .

**IT IS FURTHER ORDERED** that Plaintiff **AMEND** her complaint as to the claims brought via §§ 1983 and 1985 against Denise Evans in her individual capacity within thirty (30) days of the signing of this order. Defendant will then have the opportunity to answer or to move to dismiss those claims at that point.

October 8, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE