UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BESSIE J. HALL                                              CIVIL ACTION

VERSUS                                                      NO: 14-0801

DENISE EVANS, ET AL.                                        SECTION: "A" (3)

## ORDER

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 18)** filed by defendants Denise Evans and the State of Louisiana, through the Louisiana Department of Children and Family Services. Plaintiff Bessie Hall, *pro se* and proceeding *in forma pauperis*, opposes the motion. The motion is before the Court on the briefs without oral argument.

### I. BACKGROUND

Plaintiff Bessie Hall filed this action alleging that the defendants terminated her employment unjustly by discriminating against her on the basis of race, did not properly account for her leave under the Family Medical Leave Act (FMLA), and did not otherwise properly account or compensate her for leave, back-pay, pay raises, or worker's compensation. Plaintiff asserts claims under federal law seeking to recover any damages available, break-downs of her leave accrual, reinstatement to her position and the opportunity to apply for disability retirement, and readjusted payments, based on expected raises, back-pay, and worker's compensation.

The following factual allegations, accepted as true for purposes of this motion, are taken from Plaintiff's Amended Complaint. Plaintiff held a position as Social Services Analyst Supervisor with the Louisiana Department of Children and Family Services ("the Department"). On July 13, 2012, Plaintiff sustained an injury while working that did not

allow her to return to work.  Plaintiff received a non-disciplinary notice of proposed removal on August, 30, 2013, signed by Denise Evans ("Evans"), the proper authority for such matters.  Plaintiff responded to this notice, but the Department via Evans subsequently notified her of its decision to remove her effective September 25, 2013.  Plaintiff abandoned the appeal hearing upon being told that its scope was limited to the technical application of the rule resulting in her removal – an issue Plaintiff does not dispute.

Instead, Plaintiff argues that the Department failed to follow its own policies in finalizing her removal and that other individuals who are similarly situated have been treated more favorably.  Namely, she argues that others in a similar position to her and also retaining fewer than eight hours of sick leave did not receive notices of proposed removal.  She additionally claims that her leave under the FMLA was not properly calculated (which triggered the rule for her dismissal).  She argues that Evans used these administrative means to replace her with one of Evans' friends who wanted Plaintiff's particular position.

Plaintiff filed the original complaint on April 9, 2014.  Defendants filed a motion to dismiss on July 10, 2014.  The Court granted the motion in part, denied the motion in part, and gave Plaintiff leave to amend her complaint.  More specifically, the Court granted the motion as to claims brought under the ADA and the FMLA, except for Plaintiff's claim for reinstatement under the FMLA against Evans in her official capacity.  The Court denied the motion without prejudice as to Plaintiff's claims against Evans in her individual capacity for violation of Plaintiff's equal protection and due process rights via § 1983 and for conspiracy to violate Plaintiff's equal protection rights via § 1985.  The Court gave Plaintiff leave to amend her Complaint "as to the claims brought via § 1983 and § 1985 against Evans in her individual capacity" and ruled that "Defendant[s] will then have the opportunity [upon Plaintiff's amendment] to answer or to move to dismiss those claims."  *See* Order of October

8, 2014 (Rec. Doc. 13, at 10).  Plaintiff filed an Amended Complaint on November 7, 2014. Defendants subsequently filed a motion to dismiss pursuant to Rule 12(b)(6) as to Plaintiff's claims brought via § 1983 and § 1985 on December 30, 2014.

## III. STANDARD of REVIEW

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)).  However, the foregoing tenet is inapplicable to legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).  To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

## IV. DISCUSSION

Defendants present several arguments in support of their motion to dismiss. First, Defendants have raised the defense of qualified immunity. They argue that Plaintiff has only made conclusory statements as to any actions taken by Evans and that these are insufficient to show a violation of a clearly established right or otherwise overcome the affirmative defense of qualified immunity. Second, Defendants argue that to whatever extent Plaintiff's claims are based on a failure to follow departmental policies, such a claim is not within the jurisdiction of this Court. Third, Defendants argue that Plaintiff has received procedural due process through the notice of removal and being informed of her right to appeal. Fourth, Defendants argue that Plaintiff's examples of others being treated under a different standard are distinguishable as they are not similarly situated individuals. Fifth, Defendants argue that Plaintiff has not pleaded sufficient facts to show the involvement of more than one individual entering into a conspiracy agreement – a necessary element of a § 1985 claim. Sixth, Defendants argue that all of the claims under §§ 1983 and 1985 should be dismissed since Title VII provides the exclusive remedy under Plaintiff's allegations.[1]

### a. Equal Protection Claim against Evans in Her Individual Capacity

The analysis of an intentional employment discrimination claim under § 1983 mirrors that of a parallel action under Title VII. *Lauderdale v. TX. Dept. of Crim. Justice*, 512 F.3d 157, 166 (5th Cir. 2007). To establish a prima facie case of intentional discrimination, a plaintiff must allege that she is (1) a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group. *Fahim v.*

---

[1] This last contention relies on a premise that the Fifth Circuit has since disavowed where the same set of facts can give rise to a claim under either cause of action. *See Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 549 (5th Cir. 1997).

*Marriott Hotel Srvcs.*, 551 F.3d 344, 350 (5th Cir. 2008).  Once a prima facie case has been stated, the burden then shifts to the defendant to offer a legitimate reason for the termination.  *Id.* at 349 (citing *Burrell v. Dr. Pepper / Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411-12 (5th Cir. 2007)).  If the defendant provides such a reason, the burden returns to the plaintiff who then must state that the reason is a pretext or that the protected characteristic was still a "motivating factor."  *Id.*

Plaintiff's allegations easily fulfill the first three elements of a prima facie case of discrimination.  Plaintiff, an African American, was discharged by the Department.  Furthermore, while she does not specify how long she served as a "social services analyst supervisor," she has worked for the state since 1996 and there is nothing to suggest that she was not qualified to hold this position.  Turning to the fourth element, Plaintiff cites three examples as other "similarly situated employees" who were treated differently.

These three individuals also had situations in which they were away from their work with the Department for an extended period of time, but, unlike Plaintiff, did not receive a notice of proposed removal.  In determining whether these individuals are adequate comparators for the purposes of stating a prima facie case, the Court can consider a number of factors.  *See Lee v. Kansas City Southern Rwy. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) (explaining several possible, relevant factors).  However, regardless of what other factors weigh in favor of finding an adequate comparator, the Court will not consider one to be similarly situated where the "difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer."  *Id.* at 260 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001)).  In all three examples cited by Plaintiff and as made apparent by Plaintiff's own statements, the individuals voluntarily resigned after their leave was exhausted or fell below

a certain threshold.  Plaintiff, on the other hand, did not resign, and Evans eventually sent her the notice of proposed removal.  Individuals who voluntarily resigned their positions, as opposed to one who did not voluntarily resign her position, are not similarly situated for the purposes of a prima facie case.  As Plaintiff fails to state a prima facie case of intentional discrimination, the Court does not reach the burden shifting stage of the intentional discrimination framework, *supra*.

Furthermore, the claim that Evans failed to properly apply departmental policies and regulations, or that Evans wanted to get her friend into the position held by Hall, are not claims cognizable in this Court to hold Evans liable in her individual capacity.  The Louisiana Civil Service Commission provides the appropriate avenue to pursue such claims.  *See* LA. CONST. ART. 10 § 12 ("The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases.").  Furthermore, the Court notes Plaintiff's response to the first motion to dismiss in which she clarified that this action does not pursue such claims.  *See* Order of October 8, 2014 (Rec. Doc. 13, at 1) ("Plaintiff clarifies however in her Opposition to the Motion to Dismiss that the present case 'is not about civil service or worker's compensation.'").

## b. Claims against Evans for Conspiracy to Violate Plaintiff's Civil Rights via § 1985

Plaintiff in her original complaint also appeared to allege that Evans conspired with others to deprive Plaintiff of her equal protection under the laws, *i.e.*, by intentionally discriminating against her, resulting in her removal from her position.  Out of an abundance of caution, the Court gave Plaintiff leave to amend her complaint to state such a claim.  Plaintiff has chosen not to expand on such a claim.

Under § 1985(3), a plaintiff must allege the following to state a claim: (1) a conspiracy

involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy which causes injury to a person or property, or a deprivation of a right or privilege of a citizen of the United States; and (4) motivation by a class-based animus. *Hillard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).

Plaintiff's only statements that touch on a possible conspiracy remain peripheral at most. For example, at one point Plaintiff alleges that Evans and other individuals interested in her removal often have lunch together, but she goes no further in elaborating on a conspiracy involving the others. Furthermore, Plaintiff's mention of this event is framed in terms of Evans' "mission to secure a position for her friend . . . ." (Rec. Doc. 22-1, at 2). The Court finds that these allegations are not sufficient to state a claim of conspiracy under § 1985. Finally, the Court notes that as Plaintiff has failed to state a claim via § 1983 for intentional discrimination, the same underlying injury alleged by Plaintiff here, a claim for conspiracy would fail for that reason as well.

### c. Procedural Due Process

Procedural due process claims require a two-part analysis. The Court must determine: 1) whether plaintiff has a liberty or property interest whose deprivation requires that she be afforded due process; and 2) if plaintiff does have such an interest, what process is due. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

In the previous Order in this matter, the Court gave Plaintiff leave to amend her complaint as to a claim against Evans in her individual capacity for a violation of her procedural due process via § 1983. The parties do not dispute whether Plaintiff has a protected property interest in continued employment with the state. Accordingly, the relevant inquiry here centers on what process is due and whether Plaintiff received it.

As to the process related to her termination, Plaintiff states that she received a notice of proposed removal from Evans on August 30, 2013. That notice listed the reasons for her proposed removal and invited her to respond in writing within a given timeframe.[2] Plaintiff responded through an attorney on September 10, 2013. On September 17, 2013, Evans acknowledged receipt of this response by written reply but informed Plaintiff that she was still moving forward with the removal effective September 25, 2013. She notified Plaintiff of her right to appeal the decision to the Louisiana Civil Service Commission and directed Plaintiff to the procedures that would allow her to do so. Plaintiff has alleged no facts involving Evans beyond that point. Plaintiff did file an appeal with the Civil Service Commission, but she declined to go through with the hearing after being informed by her attorney that only application of the civil service rule at issue, which she does not dispute, would be discussed, instead of the "circumstances regarding [her] removal" that she listed in her letter to Evans.

At its core, due process requires notice of the charges brought against the plaintiff and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). However, due process is "flexible and calls for such procedural protections as the particular situation demands." *Gilbert v. Homar*, 520 U.S. 924 (1997). Following the principle that due process is a flexible concept, in *Cleveland Board of Education v. Loudermill*, the Supreme Court held that a tenured public employee is only entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story," as opposed to a full pre-termination adversarial hearing. 470 U.S. at 546. The *Loudermill* Court went on to add that "[t]he

---

[2] The Court may consider these documents as they are attached to the Amended Complaint. *Lone Star Fund V, L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citations omitted).

opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Id.* at 546.

There is no dispute that Evans provided a notice of the proposed termination to Plaintiff, informed Plaintiff of the reasons for the proposed termination, and gave Plaintiff the opportunity to respond – which Plaintiff did through an attorney. Thus, Plaintiff has failed to state a claim against Evans in her individual capacity for not providing proper procedural due process.

### d. Title VII Intentional Discrimination

As noted previously, the analysis for intentional discrimination regarding an adverse employment decision via § 1983 mirrors the analysis for a Title VII claim. *See* Section III(a), *supra*. Thus, for the same reasons mentioned above, the claim under Title VII must be dismissed as a matter of law.

### IV. CONCLUSION

The only claim remaining is Plaintiff's action for injunctive relief via the FMLA against Evans in her official capacity seeking reinstatement to her position. The Court notes that its previous Order constrained Defendants to renewing their motion to dismiss only as to claims alleged under §§ 1983 and 1985. *See* Order of October 8, 2014 (Rec. Doc. 13, at 10). The Court however will now give leave to Defendants to file an additional motion on this issue.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 18)** filed by Defendants is **GRANTED**. All claims filed against Denise Evans in her individual capacity via §§ 1983 and 1985 and against Defendants via Title VII are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants shall be permitted to file an additional motion addressing Plaintiff's claim under the FMLA for injunctive relief. If Defendants choose to do so, the motion must be filed in accord with a submission date of June 17, 2015.

May 5, 2015

                                                                                           _____
                                                                                                      JAY C. ZAINEY
                                                                                           UNITED STATES DISTRICT JUDGE